UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-23726-CIV-COOKE/DAMIAN

RAMON E. GOMEZ,

    Petitioner,

v.

ALEJANDRO MAYORKAS, et al.,

    Respondents.

_____/

## REPORT AND RECOMENDATION

THIS CAUSE is before the Court on Respondents, Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, and Tony Pham's, Acting Director of United States Immigration and Customs Enforcement (collectively, "Respondents"), Response to Order to Show Cause [ECF No. 10]. This matter was referred to the undersigned by the Honorable Marcia G. Cooke. [ECF No. 7] *See* 28 U.S.C. § 636. The undersigned has reviewed Respondents' Response [ECF No. 10], the pertinent portions of the record, and relevant legal authorities, and is otherwise fully advised in the premises. For the reasons set forth below, the undersigned recommends that the Petition [ECF No. 1] be **DISMISSED** as Moot.

    **I.    BACKGROUND**

On September 8, 2020, Petitioner, Ramon Enrique Gomez ("Petitioner" or "Gomez"), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. In the Petition, Gomez alleged that United States Immigration and Customs Enforcement ("ICE") sought his removal from the United States while a motion for

post-conviction relief was pending in the Eleventh Judicial Circuit of Florida. *See* ECF 1-2. On October 1, 2020, ICE removed Gomez from the United States. *See* ECF No. 10-1. On March 9, 2021, the Eleventh Judicial Circuit of Florida denied Gomez's motion for post-conviction relief. *See* Order Denying Defendant's Emergency Motion for Post Conviction Relief, *Florida v. Gomez*, F14-28324, F14-28325, F15-1168 (Fla. 11th Cir. Ct. Mar. 9, 2021). The Parties did not notify the Court of Gomez's removal nor the denial of his motion for post-conviction relief.

On April 6, 2022, this matter was referred to the undersigned for pretrial dispositive matters. [ECF No. 7]. Upon review of the record, which contained no activity for approximately nineteen months, the undersigned issued an Order to Show Cause to expedite the resolution of this matter. [ECF No. 8]. In response to the Order, Respondents notified the Court that ICE had already removed Gomez from the United States. [ECF No. 10]. Thus, Respondents request that the Court dismiss the Petition as moot. *Id*.

## II. APPLICABLE LEGAL STANDARDS

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art III, § 2). The doctrine of mootness derives directly from this case or controversy limitation. *Id*. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir.2000) (internal quotations omitted). Therefore, if events that occur subsequent to

the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *Soliman*, 296 F. 3d at 1242. Exception to the mootness doctrine can be invoked only when "(1) there is a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration. *Id*. at 1243-44 (emphasis in original) (internal quotations omitted).

### III.    DISCUSSION

Respondents assert that, because ICE has already removed Petitioner from the United States, his Petition is moot and, therefore, the case or controversy requirement of Article III cannot be met [ECF No. 10].

The facts here are similar to those in *Soliman*, 296 F.3d 1237 at 1242. There, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. *See id.* The alien was removed from the United States while the appeal was pending. *See id.* In light of the alien's removal, the Court found that it was "abundantly clear" that the appeal was moot because no order from the court requiring the government to release him into the community awaiting his final removal could have any effect. *Id.* at 1243.

Here, Respondents have produced documents indicating that Petitioner has been removed from the United States. [ECF No. 10-1]. Additionally, a search of ICE's Online Detainee Locator System reveals no matching results for Petitioner by searching his name.[1] And, even if Petitioner was still in custody, his motion for post-conviction relief has been denied.

---

[1] The Undersigned takes judicial notice of such pursuant to Fed. R. Evid. 201.

No order from this Court directing Respondents to release Petitioner would have any effect. Accordingly, there is "nothing for us to remedy, even if we were disposed to do so." *Soliman*, 296 F. 3d at 1243 (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that the Petition [ECF No. 1] be **DENIED** as moot.

The Parties will have **fourteen (14) calendar days** from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 2nd day of June 2022.

---

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE